MILLER, Judge
(dissenting).
The majority has denied this application so as not to interfere with orderly proceedings in the trial court in the absence of irreparable injury. While I agree the writ should be denied, I would stay the pending January 7, 1976 sheriff’s sale until the two appeals pending to this court are decided. We are authorized to stay the proceedings under LSA-C.C.P. art. 2164.
One appeal in this matter is returnable to this court on January 23; 1976 — relating to the propriety of the trial court allowing Rourke;et al. to set aside the July 30, 1975 sheriff’s sale by consent judgment obtained without, notice to Coursey and to dismiss their suit for deficiency judgment without prejudice. The trial judge refused to stay proceedings pending a decision on that appeal. The second appeal in this matter is returnable March 10, 1976 — the issue there *482 relates to the trial court’s refusal to grant Coursey’s application for a preliminary injunction preventing the pending January 7, 1976 sheriff’s sale. Under LSA-C.C.P. art. 3612 an appeal may be taken as a matter of right from a judgment relating to a preliminary injunction, but such judgment shall not be suspended pending the appeal unless the court in its discretion so orders. I respectfully submit that because of the peculiar facts of this case, the trial court abused its discretion in refusing to stay the sheriff’s sale pending the appeal.
All this litigation relates to Rourke et al.’s claim against relator Coursey for a deficiency judgment. Under the July 30, 1975 sheriff’s sale, the deficiency judgment would amount to some $900,000. Coursey owed Rourke et al. $1,800,000 which was secured by a mortgage on Calcasieu Parish property. The mortgage was foreclosed by executory process and the property was seized and on July 30, 1975 the sheriff sold the property to Rourke et al. for $900,000. Coursey was late in naming his appraiser and the July 30, 1975 sheriff’s sale proceeded without allowing Coursey’s appraiser to submit his appraisal. Unfortunately for Rourke’s position, it was not pointed out that his rights to a deficiency judgment were lost unless 1) Coursey’s appraiser made an appraisal, or 2) under LSA-R.S. 13:4364 the Sheriff appointed an appraiser for him.
The Sheriff did not appoint an appraiser and when the July 30, 1975 sale was consummated, Rourke et al. lost their right to a deficiency judgment. This was the issue raised by Coursey’s motion for summary judgment filed to dismiss Rourke et al.’s suit for a deficiency judgment. When Coursey’s motion for summary judgment (seeking to dismiss Rourke et al.’s suit for the deficiency judgment) was to be heard on October 26, 1975, Rourke et al. obtained a continuance. Rourke et al. apparently conceded Coursey’s position was correct when on October 29, 1975 they dismissed their suit for deficiency judgment without prejudice. That dismissal, obtained over Coursey’s objection, is the subject of the appeal which has the January 23rd return date.
In a separate proceeding conducted without notice to Coursey, Rourke et al. had set aside the July 30, 1975 sheriff’s sale, and then filed another executory process proceeding against Coursey to seize and sell the same property previously seized and sold. On the basis of this second judgment obtained under executory process the January 7, 1976 sheriff’s sale was scheduled and this is the one Coursey attempted to prevent by his suit for preliminary injunction. The trial court’s refusal to grant the preliminary injunction is subject to appeal under LSA-C.C. art. 3612 and the courts have discretion to suspend proceedings pending the decision on appeal.
This litigation insofar as Coursey is concerned will be terminated if it is determined on appeal that Rourke et al. lost their right to a deficiency judgment by virtue of the July 30, 1975 sheriff’s sale con-fected without benefit of an appraisal made on behalf of the judgment debtor. That sale was expedited by Rourke et al. Now they are expediting a second sale, which might be irrelevant insofar as their right to obtain a deficiency judgment is concerned. The two appeals pending to this court could be expedited and determined within a relatively short time.
On these facts I hold the opinion that considering the actions and rights of the two parties, Rourke et al. on the one hand and Coursey on the other, the January 7, 1976 sheriff’s sale should have been stayed.
I respectfully dissent.